# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PETE V. LUNA,<br>    *Plaintiff*<br><br>v.<br><br>CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant* | Case No. 1:24-cv-00894-RP-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Now before the Court is Defendant's Unopposed Motion to Remand, filed January 8, 2025 (Dkt. 10). On August 7, 2024, the District Court referred this case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions, as provided in 28 U.S.C. § 636(b)(1), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and Judge Pitman's Court Docket Management Order issued February 20, 2020. Dkt. 3.

### I.  Motion to Remand

On August 7, 2024, Plaintiff Pete V. Luna filed suit challenging the Social Security Administration decision that he is not disabled within the meaning of the Social Security Act. Dkts. 6, 8. Plaintiff alleges that he is disabled due to depression, severed fingers, high blood pressure, a bleeding ulcer, and arthritis. Dkt. 8 at 3. Plaintiff argues that the Administrative Law Judge's decision was erroneous. Defendant moves the Court to reverse and remand this action to the Commissioner for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 10. Plaintiff does not oppose remand. *Id.* at 1.

Sentence four of Section 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). After considering the pleadings, administrative record, and Defendant's Motion, the Court finds that a sentence-four remand under Section 405(g) is appropriate to ensure that the Commissioner properly considers Plaintiff's claim of disability. *See Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) ("Sentence-four remands give a reviewing court the authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact."); *Letourneau v. Comm'r of Soc. Sec. Admin*, No. 1:21-CV-00120-RP-SH, 2021 WL 4317275, at *1 (W.D. Tex. Sept. 22, 2021) (finding sentence-four remand appropriate where government requested remand for further administrative proceedings to ensure plaintiff's claim of disability was properly considered), *R. & R. adopted*, 2021 WL 8082323 (W.D. Tex. Nov. 1, 2021).

A district court remanding a case pursuant to sentence four of Section 405(g) must enter judgment in the case and may not retain jurisdiction over the administrative proceeding on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (holding that a sentence-four remand must include a substantive ruling affirming, modifying, or reversing the Secretary's decision).

## II.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Unopposed Motion to Remand (Dkt. 10) and **REMAND** this case to the Commissioner of Social Security to conduct further administrative proceedings, pursuant to 42 U.S.C. § 405(g). The Court

**FURTHER RECOMMENDS** that the District Court **ENTER JUDGMENT** on behalf of Plaintiff.

### III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 10, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE